UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

TARGET CORPORATION d/b/a
Target at SW 40th Street and
TROPICAIRE DRIVE-IN THEATRE, INC.

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Target Corporation d/b/a the Target at SW 40th Street and Defendant Tropicaire Drive-In Theater, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Target Corporation (also referenced as "Defendant Target Corp," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Target Corporation is an American retail store chain headquartered in Minneapolis, Minnesota. Target Corporation is a NYSE company on the S&P 100 and 500 components (retail division) and in 2019 reported revenue of $75 billion USD. Target Corporation is the owner and operator of the Target store located at 7795 SW 40th Street, Miami Florida 33155, which is commonly referred to as "(the) Target at SW 40th Street."

6. Defendant Tropicaire Drive-In Theater, Inc. (also referenced as "Defendant Tropicaire," "lessor," "owner," or "co-Defendant") is the owner of commercial real property which is listed by addresses 7795 and 7805 SW 40th Street, Miami Florida 33155, which more formally identified as Folio 30-4015-041-0160. Defendant Tropicaire's real property has been developed as a Publix retail store (7805 SW 40th Street), the Target discount retail store (7795 SW 40th Street) which is the subject of this action, and as a parking lot which supports both retail establishments.

## FACTS

7. At all times material hereto, a portion of Defendant Tropicaire's real property has been leased to co-Defendant Target Corp (the lessee). The lessee in turn has operated its

Target store within that leased space.

8.  Target retail stores sell general merchandise, food and drink (grocery) items, and have specialized departments for toys, home goods, electronics, seasonal merchandise, clothing and shoes. Many Target stores have attached pharmacy departments and Starbucks cafes. Target Corporation is the eighth-largest retailer in the United States and as of 2020 reported that it has 1,904 Target (brand) retail stores throughout the United States. All Target retail stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Target retail store located at 7795 SW 40th Street, which is the subject of this complaint is also referenced as "Target (retail store)," "Target at SW 40th Street," "(retail) store," or "place of public accommodation."

9.  At all times material hereto, Defendant Target Corp was (and is) a company owning and operating retail stores under the "Target" brand which are open to the public. Each Target brand store (including Target at SW 40th Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of retail stores which are open to the public, Defendant Target Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. On June 3, 2021 Plaintiff went to that Target with the intent of purchasing grocery and sundry items.

12. During his shopping excursion, Plaintiff has occasion to use the restroom and while using the restroom, he encountered multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments within the Target restroom, Plaintiff has been denied full and equal access by the operator/lessee of the Target store (Defendant Target Corp) and by the owner/lessor of the commercial property which houses the Target store (Defendant Tropicaire).

14. Because Defendant Target Corp owns and operates over 1,900 retail stores, it must be aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, Defendant Target Corp's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Target store located at 7795 SW 40th Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a Publix retail store and as a Target retail store (both of which are open to the public), Defendant Tropicaire is a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner of real property being used as a public accommodation, Defendant Tropicaire should be aware of the ADA and the need to provide for equal access in all areas of its property which are open to the public. Therefore, Defendant Tropicaire's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that the Target store located within its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Target retail store located at 7795 SW 40th Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Target at SW 40th Street to shop, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom at the retail store. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Target Corp (lessee/operator of the Target at SW 40th Street) and Defendant Tropicaire (the owner/lessor of the real property housing the Target) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the retail store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Target store located at 7795 SW 40th Street.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Tropicaire (owner/lessor) which houses the Target at 7795 SW 40th Street is operated by Defendant Target Corp (lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Target Corp (lessee/operator) and Defendant Tropicaire (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as it is missing pull handles near the doorlatch, in violation of Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

ii. As to Defendant Target Corp (lessee/operator) and Defendant Tropicaire (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Target Corp (lessee/operator) and Defendant Tropicaire (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high, 30 in (760

       mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

  iv.  As to Defendant Target Corp (lessee/operator) and Defendant Tropicaire (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (inside the accessible stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

  v.  As to Defendant Target Corp (lessee/operator) and Defendant Tropicaire (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror without assistance, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

28.  Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Target at 7795 SW 40th Street accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Tropicaire Drive-In Theater, Inc. (owner and lessor of the commercial property operated as the Target at 7795 SW 40th Street) and Defendant Target Corporation (lessee and operator of that Target store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Target store located at 7795 SW 40th Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*